hCALOGERO, Chief Justice,
dissents from the majority per curiam recalling the writ grant.
Clearly we were not required to exercise our supervisory jurisdiction in this case. We had the discretion to deny the application by this claimant who I must concede is not a most deserving civil claimant. But we did grant the writ to resolve a couple of fairly important legal issues.
The first issue is whether the lower courts erred in awarding restitution to the employer Yarnell Ice Cream, and their worker’s compensation insurer $53,172.56 paid to the claimant in workers’ compensation benefits based upon the claimants false statement denying any previous back injuries. This Court in Resweber v. Haroil Const. Co., 94-2708, p. 1 (La.9/5/95), 660 So.2d 7, held that “the governing law in a compensation action is that which was in effect at the time of the alleged injury.” Id. at 10 n. Imitations omitted). The claimant’s position is that the 1997 amendment to La R.S. 23:1208 allowing restitution of benefits paid in cases of fraud is a substantive change in the law and cannot be applied retroactively to false statements made by the claimant at the time of his injury in October 1985 for the purpose of obtaining workers’ compensation benefits. Both the First Circuit in Our Lady of the Lake Hosp. v. Helms, 98-1931, p. 5 (La. App. 1 Cir. 9/24/99), 754 So.2d 1049, 1052 and the Second Circuit in Yamell Ice Cream, has held that La. R.S. 23:1208, a |2workers’ compensation statute, should be applied retroactively, contrary to this Court’s dictate in Resweber. This writ was originally granted to resolve that conflict.
The second issue to be resolved by this writ was whether the Second Circuit erred in affirming that a $5,000.00 civil penalty was to be paid to Yamell Ice Cream when the law does not support that result, but rather provides that the civil penalty is to be paid to the Office of Workers’ Compensation Fund.
The final issue to be resolved by this writ is whether the Second Circuit erred in remanding the matter to Office of Worker’s Compensation District Court for a determination of the reasonable investigation and litigation costs, which would be included in the judgment against the claimant.
The issues presented by this writ application are important and likely to arise again. We should resolve the issues, rather than recall the writ.